**In re Shaun RABB, Steve Pickett, Troy Larkins, Ellen Goldberg, and Rebecca Lopez, Relators.**

**No. 05–09–00857–CV.**

Court of Appeals of Texas, Dallas.

July 31, 2009.

---

11. *Igo v. State,* 210 S.W.3d 645 (Tex.Crim. App.2006).

Laura Lee Prather, Sedgwick, Detert, Moran & Arnold, LLP, Austin, TX, Brian A. Calhoun, Dallas, TX, for Relator.

Christina O'Neil, District Attorney Office, Dallas, TX, for Respondent.

David M. Alex, Lisa Smith, Assistant District Attorney, Dallas, TX, for Real Party.

Before Justices MOSELEY, FITZGERALD and LANG–MIERS.

## OPINION

JIM MOSELEY, Justice.

■ Relators filed this mandamus proceeding after the trial court denied their motions to quash subpoenas that had been issued to them by the state.[1] In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). We conclude we have jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004). Because we conclude that the trial court did not abuse its discretion, we deny the petitions and lift the stay ordered by this Court on July 24, 2009.

Relators are reporters and photographers for various local television stations. In June of 2008, relators conducted or participated in taped interviews with James Broadnax, who is the defendant in the underlying criminal case. The taped footage from these interviews has been provided to the State. On or about May 22, 2009, the State subpoenaed relators for various pretrial hearings and the trial. The State claims to need relators' testimony to discuss the physical and mental condition of Broadnax during the various interviews as well as the procedural steps taken by the reporters to obtain the inter-

1. Originally, three separate petitions were filed: *In re Shaun Rabb, Steve Pickett and Troy Larkins,* No. 05–09–00857–CV; *In re Ellen Goldberg,* No. 05–09–00871–CV; and *In re Rebecca Lopez,* No. 05–09–00873–CV. The Court consolidated these proceedings on July 31, 2009.

views. Relators then moved to quash the subpoenas, and the trial court denied the motions.

Relators argue that the subpoenas cannot be enforced under the Texas Free Flow of Information Act, which was enacted by the legislature on May 13, 2009. *See* Qualified Privilege of a Journalist Not to Testify, 81st Leg., R.S., ch. 29, 2009 Tex. Sess. Law Serv. 29 (Vernon) (to be codified at TEX. CIV. PRAC. & REM.CODE ANN. §§ 22.021–22.027 and TEX.CODE CRIM. PROC. ANN. ARTS. 38.11 and 38.111). This act, *inter alia*, creates a "journalist's qualified testimonial privilege in criminal proceedings." The act does not apply in this instance.

By its very terms, the "Act applies only to information, documents, or items or the source of any information, document, or item obtained or prepared for publication in a news medium or communication service provider *on or after* the effective date of this Act." *Id.* at § 3. It is undisputed the evidence sought through the subpoenas relates to information obtained or prepared long before the effective date of the Act.

■ Relators argue that section 3 only applies to subpoenas duces tecum, and not to testimonial subpoenas. According to them, the statutory privilege should be applied retrospectively to prevent their testimony because the privilege is a procedural, rather than a substantive, legal change. However, the clear language of section 3 demonstrates that it applies to the Act as a whole, and that the prospective nature of the Act applies to all "information" obtained or prepared by the journalist, regardless of the form of the information obtained or prepared. *Id.*

■ Relators further argue that, even if the act does not apply, the subpoenas should be quashed under common law and the Texas Constitution. However, prior to the Act, the well-settled law of this state was that "newsmen have no constitutional privilege, qualified or otherwise, to withhold evidence relevant to a pending criminal prosecution." *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 775 (Tex.Crim. App.1994).

Relators also argue that the subpoenas do not comply with TEX.CODE CRIM. PROC. ANN. ART. 24.03. The record before us does not support this contention.

Lastly, relators argue the testimony sought through the subpoenas would be: irrelevant; not material; duplicative; inadmissible; and subject to objections. Under the circumstances of this case, we decline to hold that the trial court abused its discretion with respect to its consideration and resolution of those issues.

We thus conclude relators have not shown they are entitled to the relief requested. *See* TEX.R.APP. P. 52.8(a); *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992). Accordingly, we **DENY** relators' petitions for writ of mandamus and **VACATE** our July 24, 2009 order granting a stay in the trial court proceedings.